**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.   VICKI KEIM, | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-15-511-C |
| | ) |
| 1.   STATE FARM FIRE AND CASUALTY | ) |
|       COMPANY, A Foreign For Profit | ) |
|       Insurance Corporation, | ) |
| | ) |
|         Defendant. | ) |

## COMPLAINT

### A.   Parties

1. Plaintiff, Vicki Keim, is a citizen of the State of Oklahoma.

2. Defendant, State Farm Fire and Casualty Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3. The principal place of business for Defendant, State Farm Fire and Casualty Company, is Bloomington, Illinois.

4. The Defendant, State Farm Fire and Casualty Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this Court.

### B. Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, Vicki Keim, owned property located at 720 Old Stroud Road, in Stroud, Oklahoma.

8. On or about March 13, 2014, Plaintiff's home and property were damaged as a result of a fire.

9. At all times material hereto, the Plaintiff, Vicki Keim, was insured under the terms and conditions of a homeowner's insurance policy, policy number 36-BA-V103-7, issued by the Defendant, State Farm Fire and Casualty Company.

10. At all times material hereto, Plaintiff, Vicki Keim, complied with the terms and conditions of her insurance policy.

11. Fire damage is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

## D. Count I Breach of Contract

12. Plaintiff, Vicki Keim, hereby asserts, alleges and incorporates paragraphs 1-11 herein.

13. The property insurance policy No. 36-BA-V103-7, issued by Defendant, State Farm Fire and Casualty Company, was in effect on March 13, 2014.

14. The acts and omissions of Defendant, State Farm Fire and Casualty Company, in its investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.  Defendant breached its contract with Plaintiff by failing to properly investigate, evaluate and pay Plaintiff's claim. Plaintiff submitted an inventory of damaged contents. Rather than investigating and paying Plaintiff's personal property claim, Defendant treated Plaintiff adversely and looked for reasons to withhold payment for Plaintiff's damaged structure and personal property. Plaintiff submitted photographs which depict some of the items which were included in the submitted list of damaged contents. Nonetheless, Defendant refused to issue payment for these items. Further, Defendant breached its contract with Plaintiff by failing to issue payment and include in its scope of work structural components which were damaged and destroyed by fire.

### E. Count II Bad Faith

15. Plaintiff, Vicki Keim, hereby asserts, alleges and incorporates paragraphs 1-14 herein.

16. The acts and omissions of the Defendant, State Farm Fire and Casualty Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

17.     The acts and omissions of Defendant, State Farm Fire and Casualty Company, in its investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.   Defendant breached its contract with Plaintiff and acted in bad faith by failing to properly investigate, evaluate and pay Plaintiff's claim. Plaintiff submitted an inventory of damaged contents. Rather than investigating and paying Plaintiff's personal property claim, Defendant treated Plaintiff adversely and looked for reasons to withhold payment for Plaintiff's damaged structure and personal property. Plaintiff submitted photographs which depict some of the items which were included in the submitted list of damaged contents. Nonetheless, Defendant refused to issue payment for these items. Further, Defendant breached its contract with Plaintiff by failing to issue payment and include in its scope of work structural components which were damaged and destroyed by fire.

18.   The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

## F. Count III Punitive Damages

19.     Plaintiff, Vicki Keim, hereby asserts, alleges and incorporates paragraphs 1-18 herein.

20. The unreasonable conduct of the Defendant, State Farm Fire and Casualty Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

## G. Demand for Jury Trial

21. The Plaintiff, Vicki Keim, hereby requests that the matters set forth herein be determined by a jury of her peers.

## H. Prayer

22. Having properly plead, Plaintiff, Vicki Keim, hereby seeks contractual, bad faith and punitive damages against the Defendant, State Farm Fire and Casualty Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**